REVLON PRODUCTS CORPORATION, Plaintiff, *v.* SAMUEL BERNSTEIN, Doing Business under the Name of TEDBURN Co., et al., Defendants.

Supreme Court, Special Term, New York County, January 13, 1953.

*Klein, Wikler & Gottlieb* for Samuel Bernstein, doing business under the name of Tedburn Co., defendant.

*Blumberg, Miller, Singer & Heffen* for plaintiff.

STEUER, J. One of the defendants moves to dismiss the complaint for failure to state a cause of action. The complaint alleges that the plaintiff is a manufacturer of various cosmetics. Plaintiff sells these products direct to retail stores throughout the country. In addition it sells to jobbers under contracts, each contract limiting the jobber to a specific territory and limiting his right of resale to beauty parlors and beauty schools. The moving defendant is a retailer who, knowing of this contract, induced a jobber to sell to him. The action is for damages for inducing a breach of contract and for an injunction.

The grounds of the motion are that the contract is in restraint of trade and consequently illegal. Plaintiff's first contention, that even if this be the fact the action is maintainable, is erroneous. It is true that a contract which may be avoided by the other party is nevertheless the subject of an action for inducing its breach but this does not apply to a contract void for illegality.

Restraint of trade is a phrase of art in that it is not every contract which can be found to put limits on the flow of merchandise or the prerogatives of buyer or seller that comes within its restriction. In fact, in this very case it is conceded that the restriction embraced in the provision that the jobber may not sell outside his allotted territory does not restrain trade. This concession, made necessary by the established law, does not mean that such a clause does not restrict the jobber and limit him in the disposal of the goods he has bought. It does, but the limitation is of a kind which is recognized not to come within the technical meaning of the words " restraint of trade".

It is well recognized that a manufacturer need not go into competition against himself. If he elects to deal with a certain class of customers personally he can not be required to allow those to whom he sells for distribution to compete with him for those customers. The restriction in this case being in that category it is not in restraint of trade. It is true that examples can be found where either this was not the bona fide purpose of the restriction or where in addition there were other factors which amounted to an unfair restraint and in these instances the contracts were found void. The motion is denied.